# RETAIL INSTALLMENT CONTRACT

TO CONTACT CONN'S CUSTOMER SERVICE HELPDESK CALL 1-877-358-1252

## MS

**CONN APPLIANCES, INC.**
1051 E COUNTY LINE R
JACKSON
MISSISSIP 39211
123/123-1234

Date 08/09/2014  Odd Days 0
Acct. No. APPROVED APP
Salesman MITCHELL, DEANGELO
Invoice No. 159-02555503      *** C.C.C. ***

**Full Name of Buyer:** BARNES, IASSAC
**Co-Buyer:**
**Street Address:** 6169 N MCRAVEN RD
**City/State:** JACKSON, MS   **ZIP:** 39209
**Telephone #'s Home:** 769/___1466  **Employment:** 601/___1000

Buyer and any Co-Buyer are referred to in this contract individually and collectively as Buyer, "your", or "you", and include their respective heirs, personal representatives, and executors. If this contract is signed by a Buyer and a Co-Buyer, each agrees to keep all the promises in this contract even if the other does not. Conn Appliances, Inc. is referred to as "Seller," and includes all of its successors and assigns. This contract may be assigned and transferred by Seller, but Buyer may not assign or transfer its rights or obligations without the prior written consent of Seller.

| Quan. | Lot No. | Factory No. | Color or Size | ARTICLES | PRICE |
|---|---|---|---|---|---|
| 1 | | B6510QHB | | PALOMA QUEEN HDBD | 199 99 |
| 1 | | B6510QFB | | PALOMA QUEEN FTBD | 140 00 |
| 1 | | B6510QRAIL | | PALOMA QUEEN RAILS | 60 00 |
| 1 | | B65101 | | PALOMA DRESSER | 540 00 |
| 1 | | B651011 | | PALOMA MIRROR | 110 00 |
| 1 | | B65102 | | PALOMA NIGHTSTAND | 249 99 |
| 1 | | 50228051 | | LONGMEADOW PL FX ET | 499 99 |
| 1 | | 60227651 | | PPEDIC HP ON FOUNDA | 200 00 |
| 1 | | DELIVERY | | STANDARD DELIVERY C | 139 99 |

Manufacturer's warranty, where applicable, will be provided separately.

WITNESSETH: THE UNDERSIGNED SELLER HEREBY SELLS AND THE UNDERSIGNED BUYER HEREBY PURCHASES THE ABOVE DESCRIBED PROPERTY, HEREIN THE "PROPERTY", SUBJECT TO ALL OF THE TERMS AND CONDITIONS SET FORTH IN THIS CONTRACT.

| | |
|---|---|
| TOTAL | 2139 96 |
| SALES TAX | 171 20 |

## TRUTH-IN-LENDING DISCLOSURE STATEMENT

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all the payments as scheduled. | The total cost of your purchase on credit including your downpayment of $ 200.00 |
| 23.58% | $ 1036.28 | $ 2902.28 | $ 3938.56 | $ 4138.56 |

Your payment schedule will be:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 32 | 123.08 | SEP. 09, 2014, and the same day each month |

**Security:** You are giving a security interest in:
  X   the goods or property being purchased
_____ the goods or property described in Prior Contract(s) #_____

Filing Fees $_____  Non-filing Insurance $_____

**LATE CHARGE:** If a payment is more than 15 days late, you will be charged $5.00 or four percent (4%) of the amount of any delinquency, whichever is greater. However, in no event will the late charge exceed $50.00

**PREPAYMENT:** You may prepay your debt early. If you pay off your debt early, you may be entitled to a refund of part of the Finance Charge and unearned insurance premium.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties.

**INSURANCE:** CONSUMER CREDIT INSURANCE IS NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE ADDITIONAL COST. If you indicate below that you want to purchase credit insurance, you authorize Seller to add the cost of that insurance to the amount financed under this contract.

| TYPE | PREMIUM | SIGNATURE |
|---|---|---|
| CREDIT LIFE | | I want ☐ / do not want ☐ Buyer_____<br>I want ☐ / do not want ☐ Co-Buyer_____ |
| CREDIT LIFE AND | 84.07 | I want ☐ / do not want ☒ Buyer *Iassac Barnes* |
| CREDIT DISABILITY | 181.17 | I want ☐ / do not want ☒ Co-Buyer (life only) *Iassac Barnes* |
| CREDIT INVOLUNTARY UNEMPLOYMENT (Buyer Only) | 216.62 | I want ☐ / do not want ☐ Buyer *Iassac Barnes* |

Property insurance is required in connection with this purchase. Buyer may furnish property insurance through an existing policy of insurance owned or controlled by the Buyer or an insurance policy obtained from an insurance company authorized to do business in South Carolina Mississippi, or purchase property insurance through Seller.

**Property Coverage Amount $** 2111.16
I elect to: (1)☒ purchase property insurance through Seller; or
  (2)☐ furnish property insurance coverage through another policy
Signature: *Iassac Barnes*

If you purchase property insurance through Seller, it will cost $5.49 per $100 per year, for a total of $309.26, and you authorize Seller to add the cost of that insurance to the amount financed under this contract. Seller's coverage might duplicate existing coverage if Buyer has a residential property insurance policy. Seller's coverage ceases on the earlier of the stated maturity date of this contract or when you have fully paid the debt, whichever comes first. Seller's coverage is primary, so it is the first to be used in the event of a loss on the property it covers. Buyer may cancel Seller's property insurance coverage at any time and replace it with an alternative property insurance policy furnished by Buyer from an insurance company acceptable to Seller by calling Seller at the toll-free number provided or by writing Seller and providing evidence of alternative coverage as required above. For additional details relating to credit or property insurance purchased through Seller please refer to the "General Information Summary Page," the terms on the reverse side of this contract, and the group certificate of insurance describing other limitations, restrictions, and conditions.

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1. CASH PRICE (including Sales Tax) | | $ 2311.16 |
| a. CASH DOWN PAYMENT | $ 200.00 | RECEIVED BY |
| b. TRADE IN | $ | (DESCRIBE) |
| 2. TOTAL DOWN PAYMENT (a + b) | $ 200.00 | |
| 3. UNPAID BALANCE OF CASH PRICE (1 - 2) | | $ 2111.16 |
| GROSS PREVIOUS INDEBTEDNESS (to) _____ | .00 | $ |
| FINANCE CHARGE REFUND | $ | |
| SURCHARGE REFUND | $ | |
| TOTAL FINANCE CHARGE REFUND | $ | |
| CREDIT LIFE INS. REFUND | $ | |
| CREDIT DISABILITY INSURANCE REFUND | $ | |
| PROPERTY INS. REFUND | $ | |
| CREDIT INVOLUNTARY UNEMPLOYMENT INS. REFUND | $ | |
| 4. NET BALANCE - PRIOR CONTRACT | | $ |
| SUB TOTAL | | $ 2111.16 |

**ALL INSURANCE CHARGES PAID TO INSURANCE COMPANIES**

| | | |
|---|---|---|
| c. OTHER CHARGES PAID TO | $ | |
| d. CREDIT LIFE INSURANCE | $ 84.07 | |
| e. CREDIT DISABILITY INSURANCE | $ 181.17 | |
| f. CREDIT INVOLUNTARY UNEMPLOYMENT INSURANCE | $ 216.62 | |
| g. PROPERTY INSURANCE | $ 309.26 | |
| h. FEES PAID TO PUBLIC OFFICIALS OR NON FILING INSURANCE | $ | |
| 5. (c + d + e + f + g + h)   TOTAL OTHER CHARGES | | $ 791.12 |
| 6. AMOUNT FINANCED   (3 + 4 + 5) | | $ 2902.28 |
| FINANCE CHARGE | | $ 1036.28 |
| TOTAL OF PAYMENTS | | $ 3938.56 |
| AMOUNT OF INSTALLMENT PAYMENT | | $ 123.08 |
| DUE DATE OF INSTALLMENT PAYMENT | | SEP. 09 2014 |

* Seller may be receiving a portion of these amounts as compensation. The term of such insurance policy will coincide with the stated term of this contract.

This instrument is assigned
as collateral to Bank of America, N.A.

**ADDITIONAL DISCLOSURES AND CONTRACT TERMS INCLUDING SECURITY INTEREST APPEAR ON REVERSE SIDE HEREOF AND ARE PART OF THIS CONTRACT.**
**NOTICE TO BUYER. DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND RECEIVE A PARTIAL REFUND OR CREDIT OF THE FINANCE CHARGE. KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.**

**ACKNOWLEDGMENT OF RECEIPT.** Buyer understands that the Seller will rely upon this representation and acknowledgment in accepting Buyer's obligation and granting credit. Buyer represents to Seller that at the time Buyer received a copy of this contract, the contract did not contain any blank spaces for items that are essential provisions of the transaction. Buyer also acknowledges receipt of a copy of CONN'S FINANCIAL INFORMATION PRIVACY NOTICE. BUYER AND CO-BUYER ACKNOWLEDGES RECEIPT OF THIS RETAIL INSTALLMENT CONTRACT. This contract may not be amended except by written agreement of Buyer and Seller.

Buyer: *Iassac Barnes*   XXX-XX-1796   DATE 08/09/2014
Co-Buyer: _____

CONN'S
MITCHELL, DEANGELO
By Authorized Representative

NOTICE: See reverse side for important information
Rev. 05/28/14 MS

**CORPORATE COPY**

Barnes-000081

**EXHIBIT "A"**

## ADDITIONAL DISCLOSURES AND CONTRACT TERMS

**CONSENT TO TELEPHONE/TEXT MESSAGE/EMAIL CONTACT:** For each telephone number you provide to Seller (either directly or by placing a call directly to us), you consent and authorize us to place telephone calls to you at that number. Such consent expressly includes authorization for Seller (and/or Seller's affiliates and/or agents) to send text messages and/or place telephone calls to cellular or landline telephone numbers using pre-recorded or artificial voice messages, as well as calls made by an automatic dialing system. Similarly, for each email address you provide to Seller, you authorize Seller to send emails to you at that address regarding your account.

**PROMISE TO PAY/ALLOCATION OF PAYMENTS:** Buyer agrees to purchase on credit the property and/or services described on the front of this contract (herein "Property"). If the Truth-in-Lending Disclosure Statement on the front of this contract indicates that goods or property in Prior Contracts are also security for this contract, then the term "Property" as used in this contract shall also include the goods and property described in each identified Prior Contract, and for purposes hereof, the descriptions of such property in the Prior Contracts are incorporated herein by reference as if copied herein verbatim. Buyer promises to pay Seller the Total of Payments shown on the front of this contract in consecutive monthly installments as indicated in the Payment Schedule. Payments received will be applied first to any deferral charge or late payment charge then due, and thereafter to the unpaid balance of the Total of Payments, unless applicable law requires a different application. Any amounts remaining unpaid on the final payment due date will be due in full on that date. If the Property consists of more than one item, each installment payment shall be allocated to all the various purchase obligations in the same ratio that the original cash sales price of each item bears to the total cash sales price of all such items, except that the amount of any down payment on a of any down payment on a subsequent purchase shall be allocated in its entirety to that purchase.

**SECURITY INTEREST:** Pursuant to Mississippi law, Buyer grants a security interest in the Property and all proceeds of the Property, each insurance policy financed by this contract, and all proceeds and premium refunds relating to those policies, and any premium refunds under any repair service agreement financed by this contract, to secure payment of the purchase price of the Property. In the event of default, Seller will have the rights of a secured party under applicable law and may, at its option, repossess the Property, but only if done lawfully and without breach of the peace. Until the debt is paid in full, Buyer will not transfer, abandon, sell, assign, lease or encumber the Property (except for the security interest granted to Seller) without the Seller's written consent. Buyer agrees that the debt owed under this contract must be paid even if the Property is lost, damaged, or destroyed, and any available property insurance proceeds do not pay off the debt in full.

---

**ARBITRATION CLAUSE:** In this clause, "we" and "us" mean Seller and its affiliates, subsidiaries, employees, officers, directors, agents, servicers, or assigns. A "Dispute" is any claim, dispute or controversy arising from or relating to this contract, including without limitation disputes relating to the Property, this contract, other documents you sign or are provided, any claim, dispute, or controversy alleging fraud, misrepresentation, any other claim, whether under common law, equity, or federal, state, or local law or regulation, or any dispute about the enforcement or interpretation of any other part of this contract. You agree that upon your election or our election, any Dispute shall be resolved exclusively by binding individual arbitration. Arbitration shall be by the American Arbitration Association ("AAA"). The AAA will apply its consumer rules in effect when the claim is filed. Alternatively, with our consent, you may select another arbitration association and its rules. One arbitrator will arbitrate the Dispute. The arbitrator shall be an attorney, retired judge, or arbitrator experienced in consumer finance and debt collection. The arbitrator shall be registered and in good standing with an arbitration association. The arbitrator shall apply this clause and the rules of the selected arbitration association.

Arbitration will be on an individual basis, not as a class action. The arbitrator shall not have the right to grant any class action in any form. You waive your right to be a class representative or class member regarding any claim you may have against us. You also waive any right you may have to any consolidation of individual arbitrations or to join your claims with any other person or entity's claims. If we sue in court to collect amounts you owe, you agree that any counterclaim you may bring in any such action shall be brought on an individual basis only and not as a class representative or class member. This paragraph is referred to below as the "Class Action Waiver." This arbitration clause does not waive any of your rights and remedies to pursue a claim individually (and not as a class action) in binding arbitration. Unless the arbitration organization's rules require otherwise, arbitration costs and fees will be split equally up to $500 each. Thereafter, Seller will pay all arbitrator's costs and fees subject to reapportionment in the award. Seller will pay all such arbitration fees necessary to ensure that this arbitration clause is enforceable. Unless prohibited by law or the arbitration organization's rules, the arbitrator may award or apportion arbitrator's fees, attorney's fees and costs. The arbitrator may not award relief in a form or amount not allowed by law. Any arbitration hearing will take place near your residence. This arbitration clause shall be governed by the Federal Arbitration Act, and not by any state arbitration law that might otherwise apply. Judgment on the award may be entered in any court with jurisdiction. This arbitration clause and Class Action Waiver shall survive the termination, payoff, assignment or transfer of this contract. It shall also inure to the benefit of and be binding on each party and their respective heirs, successors and assigns. If any part of this arbitration clause and Class Action Waiver is found in court to be unenforceable, the rest remains enforceable. If this Class Action Waiver is found by a court to be unenforceable, the entire arbitration clause shall be unenforceable. Notwithstanding the foregoing, each party retains the right to seek relief in a small claims court for disputes or claims within the scope of its jurisdiction, but any such lawsuits and counterclaims will be subject to the Class Action Waiver in this arbitration clause.

**YOU MAY OPT OUT OF THIS CLAUSE.** To opt out of this Arbitration Clause, send us a notice that you do not want this clause to apply to this contract. For your opt out to be effective, you must send your opt out notice to the following address, by registered mail, within 14 days of this contract: Conn Appliances, Inc., 4055 Technology Forest Blvd, Suite 210, The Woodlands, TX 77381, Attention: Credit Compliance Officer.

---

**LATE CHARGE:** If an installment is not paid in full within 15 days after its scheduled due date, Buyer agrees to pay a late charge equal to the greater of $5.00 or four percent (4%) of the amount of any delinquency. However, in no event will the late charge exceed $50.00.

**RETURNED PAYMENT CHARGE:** Buyer agrees to pay a service charge of $40 if any check, draft or other written order given to Seller in payment of any obligation hereunder is dishonored.

**PREPAYMENT AND REFUND CREDIT COMPUTATION.** Buyer may prepay this debt in full or in part at any time without penalty. Upon prepayment in full, Buyer will receive a refund credit of the unearned portion of the credit service charge computed in accordance with Mississippi law (utilizing the Rule of 78ths method). If this Agreement is prepaid in full with proceeds of credit life, disability, unemployment, or property insurance financed by this contract, the Buyer or Buyer's estate (if applicable) will be entitled to the same refund credit to the balance of this contract as though Buyer had prepaid the contract on the date the insurance proceeds were paid to Seller. Any excess will be paid to you, but if insurance proceeds are insufficient to pay the amount owed under this contract, Buyer agrees to pay the deficiency.

**DEFERRAL CHARGE:** If an installment is not paid within 15 days after its due date, Seller and Buyer may agree to defer the past due unpaid installment and related unpaid late charge to the end of the contract upon Buyer's payment of a lawful deferral fee and Buyer's agreement to pay subsequent installments on time.

**ACCELERATION UPON DEFAULT:** Buyer shall be in default hereunder if: Buyer fails to pay any scheduled installment when due or perform any of the Buyer's other obligations hereunder, or Seller believes in good faith that the prospect of Buyer's payment or performance is impaired. If Buyer is in default, Seller may, at its option, declare immediately due and payable the entire unpaid balance of this contract less any credits or refunds of unearned credit service charges or insurance premiums as described above under the paragraph entitled "Prepayment and Refund Credit Computation." Buyer waives notice of Seller's intent to accelerate and notice of acceleration, to the extent allowed by law.

**CANCELLATION OF INSURANCE AND REPAIR SERVICE AGREEMENTS:** In the event Buyer defaults on this contract which results in subsequent charge off of the contract by the Seller, the Seller may, at its option, without notice or demand, and Buyer hereby authorizes Seller to, cancel any existing insurance policies and/or repair service agreements financed by Seller hereunder. In the event of insurance policy and /or repair service agreement cancellation, any premium refunds will be applied to the balance of this contract. Any amount remaining after repayment of the balance of this contract will be refunded to Buyer. If at any time Buyer elects to cancel an insurance policy or repair service agreement financed by this contract, all refunds due under the policy and/or agreement, as applicable, will be credited to the balance of this contract.

**CASH OPTION PROGRAM:** If the front of this contract (in the Property description section) indicates that this contract is subject to Seller's Cash Option Program, Buyer understands and agrees that Buyer must pay the cash price of all Property and the disclosed earned insurance premium no later than the Cash Option Premium Termination Date. Prior to such final payment, Buyer must pay all scheduled installments as disclosed on the front of this contract no later than 10 days after their scheduled due dates. Payments of installments and any additional partial prepayment amounts prior to or on the Cash Option Termination Date will be deemed to apply toward the cash purchase price and the applicable earned insurance premium, and if all required payments are timely made, Buyer shall have no further payment obligation hereunder. However, if Buyer fails to make a scheduled installment payment on its due date or within 10 days thereafter, or does not pay any additional amounts necessary to pay the cash purchase price and earned insurance premium amount in full on or before the Cash Option Period Termination Date, then Buyer will forfeit the benefits of the Cash Option Program and all prior payments will be applied to the contract balance as if this contract had not been subject to the Cash Option Program.

**MISCELLANEOUS:** Buyer represents to Seller that Buyer has not received an extension of credit from any source other than Seller in connection with the purchase of the Property. Buyer agrees that if Seller fails to exercise any of its rights upon default, such failure shall not be considered a waiver of any of Seller's rights with respect to such default or of any rights upon any subsequent defaults. Any part of this contract contrary to the law of this state shall not invalidate other parts of this contract. Buyer and Seller agree to comply strictly with applicable laws and further agree that Seller's rights (a) may not be exercised except to the extent permitted by applicable law, (b) will be construed so as to comply with applicable laws, and (c) are limited by applicable laws to the extent such laws may not be lawfully waived. Under no circumstances will Buyer ever be required to pay a credit service charge or other amount in excess of what the law allows. This contract constitutes the entire agreement of the parties with respect to the financing of the Property and there are no oral agreements. This contract shall be governed by the laws of the State of Mississippi and applicable federal law, except as set forth in the Arbitration Clause.

Buyer agrees that the Property is bought for personal, family, or household purposes and will be kept at Buyer's residence. If Buyer defaults, except as provided in the Arbitration Clause to the extent applicable, Buyer agrees to pay Seller's reasonable attorney's fees if this contract is referred for collection to an attorney who is not a salaried employee of Seller, together with any other reasonable collection expenses and charges allowed by law.

ALL PROPERTY IS PURCHASED WITHOUT ANY EXPRESS WARRANTIES FROM SELLER, EXCEPT TITLE. This provision does not affect any applicable manufacturer warranty. In no event shall Seller have any liability for consequential damages for the use of or any defect in the Property unless this disclaimer is not permitted by applicable law.

---

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

---

**PROPERTY RETURNS OR EXCHANGES:** Buyer agrees that the Property may be returned or exchanged only in accordance with Seller's published Return & Exchange Policy from time to time in effect, including payment of any applicable restocking fee. If a return results in cancellation of this contract, and Buyer is due a refund of a down payment or other amount, Seller may apply the amount of the refund to the applicable restocking fee if the fee is not paid from the other funds at the time the Property is returned, and the Buyer will receive the excess amount, if any. If the restocking fee exceeds the refund amount, or if no refund is owed, Buyer agrees to pay the amount of the restocking fee upon return of the Property and the obligation will survive the cancellation of this contract.

**PARTIAL RETURNS:** If this contract finances the purchase of more than one item of Property and the Buyer returns one or more, but not all items in accordance with Seller's returns policy, Buyer will receive a credit to the payoff balance under this contract for the portion of the Amount Financed represented by the purchase price of the returned item(s) and the sales tax and Finance Charge attributed to such amount. Buyer will also receive credit for the unearned portion of any credit insurance premium added to the contract which was attributed to the returned item(s). If Buyer also cancels any service repair agreement relating to the returned item(s), Buyer will receive a credit to the balance of this contract for any unearned service repair agreement fee if permitted by, and in accordance with, the terms of that agreement. The aggregate credit for the returned item(s) will be applied to the final installment(s) under this contract in the inverse order of maturity unless applicable law requires a different application. Except for the affected final installment(s), the credit will not be applied to cure any past due amounts owing under this contract, or result in the reduction or postponement of scheduled future monthly installments.

**FURNISHING OF CREDIT INFORMATION.** Seller may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**ELECTRONIC CHECK CONVERSION:** When you provide a check as payment, you authorize Seller either to use information from your check to make a one-time electronic fund transfer from your account or to process as a check transaction.

## ASSIGNMENT

FOR VALUE RECEIVED the Seller hereby sells, assigns and transfers to Conn Credit I, LP a Texas Limited Partnership ("Assignee") (a) all of its rights, title and interest in and to this contract, (b) all of its right, title and interest in and to the indebtedness evidenced hereby or payable hereunder, and (c) all of its right, title and interest in and to all security interests provided herein, including all of its right, title and interest in and to the Property, together with all monies now and hereafter due and or to become due thereon. Seller has retained all servicing responsibilities. Unless Seller, Assignee, or Bank of America, N.A. notifies Buyer otherwise, all payments under this contract must be made to Seller.

The undersigned warrants that the preceding paragraph signed by the Buyer named on the reverse hereof is accurate, complete and up-to-date in all material respects.

SOLD, ASSIGNED, AND TRANSFERRED TO
CONN CREDIT I, LP by CONN APPLIANCES, INC., dba CONN'S

*M. John*

Authorized Signature of Conn Appliances, Inc.
3295 College Street
Beaumont, Texas 77701



# INVOICE

**PLEASE REMIT TO:**
P.O. BOX 2358
BEAUMONT, TEXAS 77704

INVOICE NUMBER: 02555503
INVOICE DATE: 08/09/2014
STORE NUMBER: 159
TAX LOCATION:

SOLD TO:
BARNES, IASSAC
6169 N MCRAVEN RD
JACKSON          MS 39209

SHIP TO:
BARNES, IASSAC
6169 N MCRAVEN RD
JACKSON          MS 39209

PHN 769/___-1466  WRK 601/___1000  CEL 769/___1466

SALESMAN NUMBER: 31273

| LINE | CODE | QTY | SKU | MODEL # | SERIAL # | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 03 | DL | 1 | S | B6510QHB | | PALOMA QUEEN HDBD | 219.99 | 219.99 |
| | | | | | | PRICE CONCESSION | | 20.00- |
| | | | | UNCRATE AND DELIVER | | | | .00 |
| 03 | DL | 1 | S | B6510QFB | | PALOMA QUEEN FTBD | 155.00 | 155.00 |
| | | | | | | PRICE CONCESSION | | 15.00- |
| | | | | UNCRATE AND DELIVER | | | | .00 |
| 03 | DL | 1 | S | B6510QRAIL | | PALOMA QUEEN RAILS | 75.00 | 75.00 |
| | | | | | | PRICE CONCESSION | | 15.00- |
| | | | | UNCRATE AND DELIVER | | | | .00 |
| 03 | DL | 1 | S | B65101 | | PALOMA DRESSER | 575.00 | 575.00 |
| | | | | | | PRICE CONCESSION | | 35.00- |
| | | | | UNCRATE AND DELIVER | | | | .00 |
| 03 | DL | 1 | S | B651011 | | PALOMA MIRROR | 120.00 | 120.00 |
| | | | | | | PRICE CONCESSION | | 10.00- |
| | | | | UNCRATE AND DELIVER | | | | .00 |
| 03 | DL | 1 | S | B65102 | | PALOMA NIGHTSTAND | 249.99 | 249.99 |
| | | | | UNCRATE AND DELIVER | | | | .00 |
| 03 | DL | 1 | S | 50228051 | | LONGMEADOW PL FX ET QN | 499.99 | 499.99 |
| | | | | UNCRATE AND DELIVER | | | | .00 |

CONTINUED ON NEXT PAGE

## PAYMENT METHOD

| RECEIVED IN GOOD ORDER | C | AMOUNT | NUMBER | SUB TOTAL | |
|---|---|---|---|---|---|
| X _____ | | | | TAX | |
| | | | | AMOUNT PAID | |
| | | | | AMOUNT FINANCED | |
| There is a $50 deductible charged at the time of service for all Cell Phone replacements under RSA | | | | C.O.D. BALANCE DUE | |

SIGNED X _Iassac Barnes_ (L.S.) DATE _____
(BUYER)

THIS INVOICE IS DUE AND PAYABLE
IN BEAUMONT, JEFFERSON COUNTY, TEXAS

## CORPORATE COPY

Barnes-000083

**EXHIBIT "A"**




# INVOICE

**PLEASE REMIT TO:**
P.O. BOX 2358
BEAUMONT, TEXAS 77704

INVOICE NUMBER: 02555503█
INVOICE DATE: 08/09/2014
STORE NUMBER: 159
TAX LOCATION:

**SOLD TO:**
BARNES, IASSAC
6169 N MCRAVEN RD
JACKSON    MS 39209

**SHIP TO:**
BARNES, IASSAC
6169 N MCRAVEN RD
JACKSON    MS 39209

INVOICE PAGE NUMBER 2

PHN 769/█1466  WRK 601/█1000  CEL 769/█1466

SALESMAN NUMBER: 31273

| LINE | CODE | QTY | SKU | MODEL # | SERIAL # | DESCRIPTION | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 03 | DL | 1 | S | 60227651 | | PPEDIC HP QN FOUNDATION | 200.00 | 200.00 |
| | | | | UNCRATE AND DELIVER | | | | .00 |
| 59 | DL | 1 | S | DELIVERY | | STANDARD DELIVERY CHARG | 139.99 | 139.99 |
| | | | | UNCRATE AND DELIVER | | | | .00 |

DELIVER AND SET UP
RETURN AND EXCHANGE POLICY ATTACHED
THANK YOU FOR SHOPPING AT CONNS DEANGELO MITCHELL
WE STRIVE FOR 5

THANK YOU - MITCHELL, DEANGELO          EXPECTED DELIVERY DATE 08/10/2014

**RECEIVED IN GOOD ORDER**
X _____

There is a $50 deductible charged at the time of service for all Cell Phone replacements under RSA

**PAYMENT METHOD**

| C | AMOUNT | NUMBER |
|---|---|---|
| CS | 200.00 | |
| IL | 2,111.16 | APPROVED APPLICA 009984472 |

| | |
|---|---|
| SUB TOTAL | 2,139.96 |
| TAX | 171.20 |
| AMOUNT PAID | 200.00 |
| AMOUNT FINANCED | 2,111.16 |
| C.O.D. BALANCE DUE | .00 |

SIGNED X _Iassuc Barnes_ (L.S.) DATE _____
(BUYER)

THIS INVOICE IS DUE AND PAYABLE
IN BEAUMONT, JEFFERSON COUNTY, TEXAS

## CORPORATE COPY

Barnes-000084

**EXHIBIT "A"**