**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **LAWANDA BARNES** | **PLAINTIFF** |
| **VS.** | **CAUSE NO. 3:16-cv-413 HTW-LRA** |
| **CONN APPLIANCES, INC.** | **DEFENDANT** |

**CONN APPLIANCES, INC.'S MOTION IN LIMINE**

Defendant Conn Appliances, Inc. ("Conn's") submits its *Motion in Limine*.

## I.     Introduction

This Court should preclude the introduction of, or any allusion to, evidence concerning: 1) Conn's policies and procedures, including those related to the handling of cease and desist requests; 2) automated dial announcing device ("ADAD") registration by Conn's; 3) other litigation or claims against Conn's; 4) findings from other cases regarding whether software manufactured by Noble Systems, Inc. is an automatic telephone dialing system ("ATDS"); 5) Conn's business dealings with individuals other than Iassac Barnes and Lawanda Barnes ("Plaintiff"); 6) Plaintiff's emotional reaction to calls; 7) comments that Conn's is subject to strict liability; 7); arguments or statements that Conn's used an "autodialer" or placed "robocalls;" and 8) evidence of Conn's financial condition.  As explained below, this relief is warranted because a timely motion to strike or an instruction by the court to the jury to disregard such evidence cannot overcome its prejudicial influence on the jurors' minds.  *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n. 1 (5th Cir. 1977) (citation and quotation marks omitted).

## II. Evidence of Conn's Policies and Procedures.

Conn's anticipates that Plaintiff will attempt to introduce evidence of Conn's policies and procedures, including its instructions for handling cease and desist requests, to establish Conn's liability under the Telephone Consumer Protection Act ("TCPA"). The Court should exclude this evidence for three reasons.

First, it is irrelevant. The pertinent issue that the jury must resolve in this case is whether Conn's calls to 769-XXX-1466 ("subject number") violated the TCPA. More specifically, the jury must initially decide whether Conn's used an ATDS to dial the subject number; and if so then determine whether such calls were made with the consent of the "called party." Federal law, as opposed to Conn's internal policies, governs whether Conn's equipment qualified as an ATDS and whether Conn's had the consent of the "called party" to call the subject number. Because Conn's policies and procedures do not advance the inquiry into whether Conn's violated the TCPA, such evidence is irrelevant and should be excluded. *See* Fed. R. Evid. 401 & 402 ("irrelevant evidence is not admissible"); *see also Thompson v. City of Chicago*, 472 F.3d 444, 451-52 (7th Cir. 2006) (finding irrelevant evidence of police department's internal policies and procedures concerning use of force in Section 1983 suit because statute and United States Constitution provided applicable legal standard).

Second, even if Conn's policies and procedures possessed any probative value, this evidence should still be excluded under Fed. R. Evid. 403, as "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury". Specifically, admitting evidence of Conn's policies and procedures creates a serious danger that the jury will improperly impose TCPA liability upon Conn's for alleged violations of its internal policies, rather than actual violations of the TCPA (which Conn's, of course, denies). Thus, this

Court should exclude any reference to Conn's policies and procedure pursuant to Fed. R. Evid. 403.

Finally, should the Court deem evidence of Conn's policies and procedures admissible, it should limit the introduction of such evidence only to the policies and procedures in effect during the time frame at issue in this case, August 9, 2014 (when Iassac Barnes purchased furniture from Conn's) through April 27, 2016 (the date of the last call to the subject number). Evidence of policies instituted before or after this time period is wholly irrelevant to establishing any issues in this case and will unfairly prejudice Conn's. Furthermore, any changes in cease and desist policies following the time period relevant to this case constitute subsequent remedial measures, subject to exclusion under Fed. R. Evid. 407.

## III.     Evidence of ADAD registration.

Conn's anticipates that Plaintiff will offer evidence that Conn's sought and obtained permits for use of equipment defined by Texas law as an "automated dial announcing device" ("ADAD") to prove that Conn's used an ATDS to place calls to the subject number. This evidence should be excluded, under Rule 402 and 403, because it is irrelevant and unfairly prejudicial to Conn's.

ADAD registration is irrelevant to determining whether Conn's equipment qualifies as an ATDS. The definitions of ADAD and ATDS differ in key respects, an ADAD cannot by definition be or be used as an ATDS, and the Public Utility Commission of Texas ("Texas PUC") enacted the ADAD regulation for entirely different reasons than the legislature enacted the TCPA. The Texas PUC regulations define an ADAD as:

> [A]utomated equipment used for telephone solicitation or collection that can:

3

> (A) store telephone numbers to be called or produce numbers to be called through use of a random or sequential number generator; and
>
> (B) convey, alone or in conjunction with other equipment, a prerecorded or synthesized voice message to the number called without the use of a live operator.

16 Tex. Admin. Code § 26.5(9). Critically, the Texas PUC regulations mandate that an ADAD "**must not be used for random number dialing or to dial numbers by successively increasing or decreasing integers**. In addition, the device must not be used in a way such that two or more telephone lines of a multi-line business are engaged simultaneously." 16 Tex. Admin. Code § 26.125(c)(2) (emphasis added).

In contrast, the TCPA requires random or sequential dialing, defining an ATDS as follows:

> [E]quipment which has the capacity--
>
> (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
>
> (B) to dial such numbers

47 U.S.C. § 227(a)(1). Whereas an ATDS must be able to randomly or sequentially generate numbers and then dial those numbers, the Texas PUC's definition of ADAD actually prohibits that activity. Indeed, an ADAD, by definition, *cannot be* a TCPA-defined ATDS. According to the Texas Administrative Code, an ADAD is a device that "**must not be used for random number dialing or to dial numbers by successively increasing or decreasing integers**." 16 Tex. Admin. Code § 26.125(c)(2) (emphasis added). In other words, an ADAD is not a device that dials numbers randomly or sequentially—a requirement that *must be met* in order for a device to be an ATDS. 47 U.S.C. § 227(a)(1).

4

The Texas PUC regulations were enacted for protection of public interests such as ensuring that public utilities rates, operations, and services are not burdened, for example, by certain telephone devices tying up the lines. *See* 16 Tex. Admin. Code § 26.12010; *see also* TX REG TEXT 235998 (NS), 2010 TX REG TEXT 235998 (NS). Unlike the Texas PUC regulations, the TCPA was enacted to prevent telemarketers from causing individual consumer's from incurring exorbitant cellular phone bills at a time when consumers were charged per call. The two different purposes further highlight why the devices regulated are different. Although Plaintiff would prefer to confuse the issues—the State of Texas's PUC regulations and the United States of America's TCPA legislature are not one in the same, nor do they regulate the same devices. If the Texas PUC meant to regulate an ATDS, it could have readily adopted and incorporated the TCPA's definition, which was set forth in 1991 and pre-dates the Texas PUC's definition by seven years. 16 Tex. Admin. Code § 26.125 ("the provisions of this §26.125 adopted to be effective September 16, 1998").

Moreover, Conn's registration of an ADAD is not intended to be nor is it an admission that it uses any automatic telephone system or an ATDS as specifically defined by the TCPA. Conn's registers a telephone system with the Texas PUC because it is required to do so in the State of Texas. It is Conn's understanding that it is required to register a phone system with the Texas PUC because it links into or could utilize the public phone system. In registering its phone system, Conn's does not determine or intend to state it does or does not have an ADAD.

Because the criteria governing ADAD under Texas state law and ATDS under federal law are different, the fact that Conn's registered certain equipment as an ADAD is irrelevant to determining whether the equipment allegedly used to contact the subject number qualified as an ATDS for the purpose of establishing liability under the TCPA.

Finally, even assuming evidence regarding Conn's ADAD registration has a modicum of probative value, the same is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Specifically, there is a serious danger that the jury will improperly equate Conn's decision to obtain permits to use ADADs to an admission that its equipment satisfies the definition of an ATDS. Because an ATDS and ADAD are entirely different, the jury's use of the evidence in this manner would unfairly prejudice Conn's. Given the danger of confusion of the issues and unfair prejudice, evidence that Conn's registered certain equipment as an ADAD should be excluded under Fed. R. Evid. 403.

IV.     **Evidence of other litigation or claims.**

Conn's anticipates Plaintiff will reference facts, findings and/or allegations arising from other TCPA litigation against Conn's in an effort to show Conn's calls to the subject number violated the TCPA. This evidence should be excluded because it is irrelevant and unfairly prejudical.

The pertinent issues in this case are whether the equipment Conn's used to call the subject number qualified as an ATDS and whether Conn's had the prior express consent of the 'called party" when it called the subject number. Allegations, facts or findings from other suits have no bearing on either of these issues. Thus, such evidence is irrelevant and should be excluded under Fed. R. Evid. 402.

Second, evidence concerning other suits and claims should be excluded under Fed. R. Evid. 403 because "its probative value is substantially outweighed by the danger of unfair prejudice confusion of the issues, or misleading the jury." Permitting the Plaintiff to introduce evidence concerning other litigation will confuse and mislead the jury by diverting its attention

away from the facts and law applicable to the present case. Accordingly, such evidence should be excluded under Rule 403.

## V. Evidence concerning other TCPA litigation.

Conn's anticipates that the Plaintiff will reference certain judicial determinations that software manufactured by Noble Systems, Inc. ("Noble")—as used and configured by entities other than Conn's—qualified as an ATDS. This evidence should be excluded, as it is irrelevant and unfairly prejudicial, under Fed R. Evid. 403.

The mere fact that an entity uses Noble software—which Conn's may have used in certain calls to Plaintiff—does not conclusively establish that its dialing equipment is an ATDS. Rather, that question turns on whether the specific equipment as used and configured by the caller has the capacity to: 1) store or produce telephone numbers to be called, using a random or sequential number generator; and 2) dial such numbers. *See Marks v. Crunch San Diego, LLC*, 55 F. Supp. 3d 1288, 1291-92 (S.D. Cal. 2014); *Gragg v. Orange Cab Co., Inc.*, 995 F. Supp. 2d 1189, 1192-93 (W.D. Wash. 2014); *De Los Santos v. Millward Brown, Inc.,* No. 13-80670-CV, 2014 WL2938605, at *6 (S.D. Fla. June 30, 2014); *Hunt v. 21st Mortg. Corp.,* No. 2:12-CV-2697, 2013 WL 5230061, at *4 (N.D. Ala. Sept. 17, 2013). Accordingly, the fact that judges in other cases have found equipment paired with Noble software satisfied the ATDS requirements is irrelevant to whether the equipment used by Conn's in the present case meet these criteria.

Further, even if evidence of previous judicial finding that equipment paired with certain Noble software qualifies as an ATDS was relevant, such evidence should still be excluded because it is unfairly prejudicial. As noted above, the determination of whether Conn's equipment qualifies as an ATDS turns on the specific facts of the present case, not merely upon whether Conn's used Noble dialing software. Yet, if presented with other cases wherein

equipment utilizing Noble software was held to be an ATDS, there is a danger that the jury will find that Conn's system was an ATDS simply because it used Noble software. Because the jury's use of the evidence in this manner would unfairly prejudice Conn's, it should be excluded pursuant to Fed. R. Evid. 403.

**VI.     Evidence concerning interactions between Conn's and individuals not involved in this suit.**

Conn's anticipates Plaintiff will attempt to introduce evidence concerning Conn's business dealings with individuals and entities not involved in this suit. This evidence should be excluded for three reasons.

First, evidence of interactions between Conn's and individuals others than Lawanda and Iassac Barnes is wholly irrelevant to whether Conn's violated the TCPA (*i.e.* used an ATDS to contact Plaintiff without her consent). That issue turns exclusively on Conn's interactions with Lawanda and Iassac Barnes in the present case.

Second, evidence of Conn's contacts with other individuals or entities amounts to inadmissible character evidence. The only purpose of admitting evidence of interactions between Conn's and individuals other than Lawanda and Iassac Barnes is to show that Conn's has a "bad" character. But Fed. R. Evid. 404 explicitly forbids introducing evidence for this purpose. Accordingly, evidence of Conn's interactions with individuals other than Lawanda and Iassac Barnes should also be excluded pursuant to Fed. R. Evid. 404.

Finally, evidence concerning Conn's interactions with individuals other than Lawanda and Iassac Barnes is unfairly prejudicial. As noted above, Rule 404 prohibits the use "character evidence" under the circumstances of this case. Should the Court permit Plaintiff to introduce evidence concerning interactions between Conn's and individuals others than Lawanda and Iassac Barnes for a purpose other than proving Conn's supposed "bad" character, there is a

serious danger the jury will nevertheless use this evidence for the purpose proscribed under Rule 404. Given this reality, such evidence should be excluded under Rule 403.

## VII. Plaintiff's emotional reaction to calls.

Pursuant to Fed. R. Evid. 401, 402 and 403, Defendant moves this Court for an order barring Plaintiff from offering any testimony as to his emotional or subjective beliefs or reactions to the subject telephone calls as this testimony and evidence is irrelevant. The Court should bar the testimony of Plaintiff to the extent that she will seek to testify as to annoyance, aggravation, or any associated emotional reaction to the purported calls. This testimony is not relevant toward any factual proposition of consequence. To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Furthermore, evidence must be relevant to be admissible. *See* Fed. R. Evid. 401 Advisory Committee Notes.

The only damages Plaintiff seeks in this case are statutory; therefore, Plaintiff's reaction to the purported telephone calls is not germane to any legal or factual issue. Moreover, the TCPA only permits statutory damages, if any. Thus, evidence or testimony beyond statutory damages will not assist the jury in determining whether Defendant violated the TCPA as Plaintiff alleges. To allow this testimony to be proffered would only allow irrelevant evidence to be provided to the jury, testimony that would have no bearing on the case. It should be excluded from trial.

## VIII. Comments that Conn's is subject to "strict liability."

Defendant moves to bar any argument or statement by the Plaintiff or her counsel that the TCPA is a strict liability statute. This statement is a misrepresentation of the burden of proof for the Plaintiff on this matter. Indeed, it is Plaintiff's burden to meet the elements of her claim and

to first prove that Defendant used an ATDS without prior express consent. If Plaintiff cannot prove Defendant used an ATDS without prior express consent, then her claims fail as a matter of law. In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 F.C.C. Rcd. 7961 ¶¶ 47, 58, and 70 (F.C.C. 2015).

**IX.     Argument or statements that Conn's used an "autodialer" or placed "robocalls."**

Pursuant to Fed. R. Evid. 401, 402 and 403, Defendant moves this Court to bar any argument or statement by the Plaintiff or her counsel that Defendant used or uses an "autodialer" or placed "robocalls" to Plaintiff. These phrases and statements are irrelevant because they misrepresent the legal standard and burden of proof for the Plaintiff on this matter. Indeed, the TCPA only prohibits calls made using an ATDS, which is a specifically defined term under the TCPA, without a called party's prior express consent. 47 U.S.C. § 227(a)(1). The statute does not prohibit the use of an "autodialer" or "robocalls," and the terms are not synonymous with an ATDS. 47 U.S.C. § 227(a)(1). These terms confuse the issues rather than making a fact (whether Defendant used an ATDS) more or less probable than it would without the evidence or testimony. Fed. R. Evid. 401. As such, they are irrelevant and inadmissible. Alternatively, such terms should be excluded because their probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Because an ATDS is such a specific statutory definition, a jury could easily be misled or confused—and Defendant unfairly prejudiced—should the terms robocalls and autodialer be used to describe Defendant's telephone systems. Thus, Defendant moves this Court to bar any argument or statement by the Plaintiff or its counsel that Defendant used or uses an "autodialer" or placed "robocalls" to Plaintiff.

**X.     Evidence of Conn's, or related entities', financial condition.**

Conn's anticipates that the Plaintiff will attempt to offer evidence concerning Conn's financial condition.  But Conn's financial condition has no bearing on whether Conn's violated the TCPA and is of no consequence to determining Plaintiff's supposed damages, which are statutory.  Because evidence of Conn's financial condition fails to render any issue of consequence in this case more or less probable, it is irrelevant and, thus, inadmissible under Rule 402.

**XI.    Conclusion**

For the reasons set forth above, this Court should preclude the introduction of, or any allusion to, evidence concerning: 1) Conn's policies and procedures, including those related to the handling of cease and desist requests; 2) ADAD registration by Conn's; 3) other litigation or claims against Conn's; 4) findings from other cases regarding whether software manufactured by Noble Systems, Inc. is an ATDS; 5) Conn's business dealings with customers other than Lawanda and Iassac Barnes; 6) Plaintiff's emotional reaction to calls; 7) comments that Conn's is subject to strict liability; 8); arguments or statements that Conn's used an "autodialer" or placed "robocalls;" and 9) evidence of Conn's financial condition.

Respectfully served, this the 3rd day of October, 2017.

                                            **CONN APPLIANCES, INC.,
DEFENDANT**

By:    */s/James L. Banks IV*
         EDWIN S. GAULT, JR., MSB # 10187
         JAMES L. BANKS, IV, MSB #102278

OF COUNSEL:
FORMAN WATKINS & KRUTZ LLP
210 East Capitol St., Ste.2200
Jackson, MS 39201-2375
Telephone: (601) 960-8600
Facsimile: (601) 960-8613
Win.Gault@formanwatkins.com
Jake.Banks@formanwatkins.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading via the Court's electronic mail system on the following:

> Christopher Neyland, Esq.
> Morgan & Morgan
> 188 East Capitol St., Suite 777
> Jackson, MS 39201
> CNeyland@forthepeople.com
>
> Jared Lee
> Morgan & Morgan
> 20 N. Orange Ave., Suite 1600
> Orlando, FL 32801
> JLee@forthepeople.com
>
> *Counsel for Lawanda Barnes*

Respectfully submitted, this the 3rd day of October, 2017.

*/s/James L. Banks IV*
EDWIN S. GAULT, JR.