UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LAWANDA BARNES,**                                                                                  **PLAINTIFF**

**VS.**                                                              **CASE NO. 3:16-cv- 413-HTW-LRA**

**CONN APPLIANCES, INC.**                                                                   **DEFENDANT**

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION IN LIMINE**

---

COMES NOW Plaintiff, LAWANDA BARNES ("Plaintiff"), and respectfully requests this Honorable Court for an Order denying Defendant, CONN APPLIANCES, INC. ("Defendant")'s Motion in Limine, and for cause therefore would show the following:

**I.     INTRODUCTION**

Through its Motion in Limine, Defendant seeks to exclude practically all evidence relevant to its autodialer calls made in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and Defendant's knowledge of such. Specifically, Defendant would have this Court exclude: (1) Defendant's policies and procedures; (2) automated dial announcing device ("ADAD") registration by Defendant; (3) other litigation or claims against Defendant; (4) findings from other cases regarding whether software manufactured by Noble Systems, Inc. is an

automatic telephone dialing system ("ATDS"); (5) Defendant's business dealings with individuals other than Plaintiff; (6) Plaintiff's emotional reaction to calls; (7) comments that Defendant is subject to strict liability; and (8) arguments or statements that Defendant used an "autodialer" or placed "robocalls."[1] For the reasons stated herein, all of such evidence is relevant evidence on Plaintiff's action, and Defendant's Motion in Limine should be denied in its entirety.

## II. FACTUAL BACKGROUND

This is a case brought by Plaintiff under the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") alleging that the hundreds of collection calls placed by Defendant to Plaintiff's cellular phone were made in violation of the TCPA as they were placed with an automatic telephone dialing system to Plaintiff's cellular phone without her express consent. The calls at issue were placed to collect on an account owed by Plaintiff's son. Plaintiff alleged that these calls were made by Defendant in knowingly and/or willfully in violation of the act as Plaintiff repeatedly requested for such calls to stop.

## III. ARGUMENT

### A. The Motion in Limine Standard.

The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial. A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds. *Luce v. United States*, 469 U.S. 38, 41, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), (federal district courts have authority to make in limine rulings

---

[1] Defendant also seeks to exclude evidence of it's financial condition. Plaintiff, however, does not anticipate introduction of evidence of that nature.

pursuant to their authority to manage trials). The standard for granting a motion in liming is high. As the United States Court of Appeals for the Fifth Circuit explained, the evidence must be "so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.,* 554 F.2d 1304, 1306 n. 1 (5th Cir.1977) (citation omitted).

### B. Background.

In 1991, Congress enacted the TCPA to regulate the privacy expectations of consumers regarding their phones. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy." 47 U.S.C. § 227, Congressional Statement of Findings No. 5. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014). While the statute imposed restrictions on a wide set of practices, its strictest provisions apply to the placement of calls to cellular phones by automatic telephone dialing system. *See* 47 U.S.C. § 227(b)(1).

An automatic telephone dialing system (sometimes called "autodialer") is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator to dial the numbers [,]" and has the capacity to dial such numbers. *Id.* § 227(a)(1). The term extends to equipment that has the capacity to dial numbers without

human intervention. *See In The Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14093 (2003). It also applies to predictive dialers which place calls from a list without expressly using a latent capacity to use a random or sequential number generator. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act*, 30 F.C.C. Rcd. 7961 (2015). With the limited exception of calls made for emergency purposes, the TCPA bans *all* calls to cell phones placed through an autodialer, regardless of whether they solicit the sale of goods or services, unless the recipient of the call provides "prior express consent" to receive the calls. 47 U.S.C. § 227(b); 47 C.F.R. § 64.1200(a)(1). 47 U.S.C. § 227(b)(1)(A)(iii) provides as follows:

> (b) Restrictions on use of automated telephone equipment
> > (1) Prohibitions
> > > It shall be unlawful for any person within the United States, or any person outside of the United States if the recipient is within the United States -
> > > > (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice -
> > > > > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

    **C.**    **Defendant's Motion in Limine Should be Denied Because The Evidence Sought to Be Excluded is Directly Relevant.**

        *1.*    *Evidence Relating to Defendant's Policies and Procedures is Relevant.*

Defendant's policies and procedures are relevant to whether it acted knowingly, willfully, or negligently. Knowing or willful behavior subjects a defendant to treble damages under the

TCPA. Indeed, pursuant to 47 U.S.C. § 227(b)(3), if the court finds that a defendant willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii), the court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3) times the amount available under 47 U.S.C. § 227(b)(3)(B). *See also Harris v. World Financial Network National Bank*, 867 F.Supp.2d 888 (E.D. Mich. 2012)(holding that a defendant in a TCPA case was liable for treble damages for calls defendants made after he informed defendants that they were calling the wrong number). For this reason, evidence regarding other litigation or claims against Defendant should not be excluded. As such, evidence regarding Defendant's polices and procedures should not be excluded.

These polices and procedures which were implemented specifically in regards to compliance with the TCPA, are extremely probative as to whether Defendant had knowledge of of the TCPA and its requires under such.

### 2. *Evidence Relating to Defendant's ADAD registration is Relevant.*

Here, Defendant critically confuses the restrictions on the use of an Automatic Dial Announcing Device (ADAD) and the definition of such. As the Court can see from the plain language of the definitions, the Texas statutory definition of ADAD places it squarely *within* the federal definition of an ATDS as defined in the TCPA. In fact, the first (and most relevant prong) of the overlapping definitions is nearly identical:

> **ADAD**: "(A) store telephone numbers to be called or produce numbers to be called through use of a random or sequential number generator;" Tex. Bus. & Com. Code 301.001(1)

**TCPA**: "(A) to store or produce telephone numbers to be called, using a random or sequential number generator;" 47 U.S.C. § 227(a)(1)

The minor distinction between the definitions can be found in the second prong, where the TCPA requires the ATDS device have the capacity "to dial such numbers" where the Texas ADAD definite requires the device to be able to "convey, alone or in conjunction with other equipment, a prerecorded or synthesized voice message to the number called without the use of a live operator."

As such, an ADAD under Texas law is a slightly more *restrictive* definition than the definition of an ATDS under the TCPA (resulting in the inclusion of a subset of ATDS devices). However, because it is in fact a wholly included subset of ATDS devices, an admission that Defendant utilizes a ADAD is necessarily probative as to whether they are utilizing an ATDS and even more so, the registration of the equipment as an ADAD is extremely probative of Defendant's knowledge of the capacity of the device.

Defendant would have this court look to the fact that Texas law prohibits a particular usage of an ADAD, and ignore the fact that the *capacity* to do that prohibited activity is part of the definition of what defines the regulated equipment an an ADAD. This is the equivalent to saying that a if a car was to be defined as 'a vehicle that has the capacity to travel in excess of 30MPH', that the where used on a road with a 25mph speed limit, that the vehicle is not a car because there is a prohibition to use the available functionality of the vehicle.

In fact, other Courts have looked to such a registration as inferring the use of an ATDS. *See Martin v. Leading Edge Recovery Sols., LLC*, No. 11 C 5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) *Whitehead v. Ocwen Fin. Corp.*, No. 16-CV-536-GKF-FHM, 2017 WL 489418,

at *3 (N.D. Okla. Feb. 6, 2017). Just as an acknowledgement that a person *knows* a cornerback, would be probative to whether they *know* a football player who plays on defense. Accordingly, evidence regarding Defendant's sworn ADAD registration should not be excluded.

### 3. Evidence Relating to Other Litigation or Claims Against Defendant is Relevant.

Defendant's conduct in the face of complaints and do-not-call requests, and its knowledge of the TCPA as demonstrated through experience in prior litigation, is relevant to whether it acted willfully or knowingly. Again, the TCPA states in no uncertain terms that if the court finds that a defendant willfully or knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii), the court may, in its discretion, increase the amount of the award to an amount equal to not more than three (3) times the amount available under 47 U.S.C. § 227(b)(3)(B). Simply put:

> If there is prior litigation finding that [a defendant] violated the TCPA using the same practices as it did in the present action, then this evidence would support a finding that [the defendant] knew it was violating the TCPA.

*Lardner v. Diversified Consultants, Inc.*, Case No. 1:13-cv-22751, 2014 WL 1979221, at *1 (S.D. Fla. May 8, 2014).

This information is particularly relevant here. Defendant's prior litigation may show that it has substantial experience litigating TCPA violations and is extremely familiar with the statute. Other claims may also demonstrate the damaging and invasive nature of these telemarketing calls and are proper evidence for submission to the jury on the issue of knowledge and/or willfulness. Such evidence should therefore be permitted.

### 4. Evidence Relating to Findings From Other Cases Regarding Whether Software Manufactured by Noble Systems, Inc. is an ATDS is Relevant.

Evidence regarding findings from other cases regarding whether the exact same system is an ATDS should not be excluded. Once again, Defendant would have this Court ignore that knowledge and willfulness are elements of the enhanced statutory damages sought by Plaintiff. Defendant's knowledge of other Courts which found its equipment to be subject to the TCPA is relevant to its knowledge when placing these calls to Plaintiff. The mere fact that it has to attempt to exclude such holdings from other Courts goes to demonstrate the unreasonable of its core argument regarding its position that the Noble system is not an ATDS.

Further, this argument previews Defendant's anticipated attempt to argue that method of using the system or its "present ability", not the *capacity* of the system itself is the relevant question. This is wholly incorrect. The FCC has addressed this question:

> We reaffirm our previous statements that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of "autodialer") even if it is not presently used for that purpose, including when the caller is calling a set list of consumers. We also reiterate that predictive dialers, as previously described by the Commission, satisfy the TCPA's definition of "autodialer" for the same reason. […] We agree with commenters who argue that the TCPA's use of "capacity" does not exempt equipment that lacks the "present ability" to dial randomly or sequentially. We agree that Congress intended a broad definition of autodialer, and that the Commission has already twice addressed the issue in 2003 and 2008, stating that autodialers need only have the "capacity" to dial random and sequential numbers, rather than the "present ability" to do so. Hence, any equipment that has the requisite "capacity" is an autodialer and is therefore subject to the TCPA.

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act*, 30 F.C.C. Rcd. 7961 (2015).

     **5.**    ***Evidence Relating to Plaintiff's Emotional Reaction to Calls is Relevant.***

First, non-pecuniary losses in the form of emotional damages are recoverable as actual damages under the TCPA. Federal courts recognize a plaintiff's ability to be awarded damages

for emotional distress in TCPA cases. *Wood v. GC Services, LP*, 2012 WL 995207 (M.D. Fla. Mar. 23, 2012) (ruling that a reasonable jury could award actual damages for emotional distress. *See also Akouri v. State of Florida Dept. of Transp*, 408 F.3d 1338, 1345 (11th Cir. 2005).As such, evidence regarding Plaintiff's emotional reaction to the calls is relevant as such damages are recoverable, while Plaintiff anticipates that the statutory damages at issue exceed the actual damages that could be established, that is a far cry from being a proper basis to exclude her ability to explain the impact of these violations of the law in her life.

### 6. *Comments that Defendant is Subject to Strict Liability are Relevant.*

The TCPA is essentially a strict liability statute which does not require any intent for liability, except for when awarding treble damages. *Alea London, Ltd. V. Am. Home Servs., Inc.*, 638 F.3d 768, 776 (11th Cir. 2011)(quoting *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir. 2008).

Accordingly, comments that Defendant is subject to strict liability should not be excluded. In fact, it is essential that the Jury understand the distinction between its requirement for finding liability under the TCPA, and the fact that it will be requested to determine whether the alleged violation was "willful" or "knowing." Absent an explanation of the distinction, it is likely that the jury could infer that knowledge was an element of the underlying statutory violation. Plaintiff further anticipates requesting the Court to comment on this distinction when instructing the jury as well.

### 7. *Evidence Relating to Arguments or Statements that Defendant Used an "Autodialer" or Placed "Robocalls" is appropriate.*

The TPCA prohibits the use of any Automatic Telephone Dialing System ("ATDS"), defined as equipment which has the capacity, (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. Part of what plaintiff will have to prove in this case is that Defendant's "automatic dialer" is an ATDS under the TCPA, as interpreted by the Federal Communications Commission in the January 4, 2009 FCC Ruling. Defendant is urging this Court to ignore the plain language of the TCPA and exclude any evidence of its illegal autodialers or robocall under the argument that the common terms used to refer to this type of equipment is somehow prejudicial. Defendant failed to establish the nature of the prejudice or how how the common vernacular is more prejudicial that the statutory language. Further, these terms are regularly used by both Courts and the FCC when addressing the TCPA.

For this reason, evidence regarding arguments or statements that Defendant used an "autodialer" or placed "robocalls" should not be excluded.

### 8. *Evidence Relating to Defendant's Financial Condition.*

Defendant's motion is not specific as to what evidence of Defendant's financial it is seeking to exclude, as Plaintiff is not able to identify such and does not intend to present evidence for the purpose of establishing Defendant's financial condition to the jury, Plaintiff does not foresee a disagreement regarding this aspect of Defendant's motion. Plaintiff reserves the right to address specific evidentiary submissions should they be objected to on this ground based on some incidental or tangential reference to finances.

### IV.     CONCLUSION

For the reasons addressed above, Plaintiff respectfully requests that Defendant's Motion in Limine be denied.

Respectfully submitted this 10th day of October, 2017.

                                             **LAWANDA BARNES**
                                        By:/s/ *Jared M. Lee, Esq*
                                        Jared M. Lee, Esquire
                                        (admitted *pro hac vice*)

OF COUNSEL:

Jared M. Lee
Morgan & Morgan
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
JLee@forthepeople.com

Christopher Neyland
Morgan & Morgan
4450 Old Canton Road, Suite 200
Jackson, MS 39211
CNeyland@forthepeople.com

## Certificate of Service:

  I hereby certify on October 10, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and a Notice of this filing will be sent to the following by operation of the Court's Electronic Filing System:

James L. Banks, Esquire
Mandie Robinson, Esquire,
Edwin S. Gault , Jr, Esquire, and
Forman Watkins & Krutz LLP
200 South Lamar Street, Ste. 100
Jackson, MS 39201
Tel:  601.960.8600
Fax:  601.960.8613
Email: Jake.Banks@formanwatkins.com
   Mandie.Robinson@formanwatkins.com
   Win.Gault@formanwatkins.com

            */s/ Jared M. Lee*
            Jared M. Lee, Esquire