# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**LAWANDA BARNES**
   **PLAINTIFF**

**VS.**

               **CAUSE NO. 3:16-cv-413 HTW-LRA**

**CONN APPLIANCES, INC.**
   **DEFENDANT**

### Plaintiff's Motion to Strike or for Leave to File a Sur-reply in Response to Defendant's Supplemental Reply in Support of Summary Judgment [DE 83]

Plaintiff, Lawanda Barnes, by and through undersigned counsel, hereby respectfully files this Motion to Strike or for Leave to File a Sur-reply to Defendant's Supplemental Reply in Support of Summary Judgment [DE 83] (hereinafter "Supplemental Reply"), filed in this Court on October 18, 2017, and respectfully states as follows:

Defendant filed its Motion for Summary Judgment [DE 69] and Memorandum of Authorities in Support [70] on April 28, 2017. Plaintiff Responded in Opposition [72] on August 10, 2017 and Defendant filed a Reply in Support on August 21, 2017. At this Court's Pretrial Conference, and without prior notice of its intent to rely on such, Defendant asked the Court to consider several additional recordings that were not part of the record on summary judgment. Following such hearing, Defendant filed its Supplemental Reply in Support of Summary Judgment [DE 83] on October 18, 2017.

Other courts in the Fifth Circuit have addressed the late addition of evidence into the Summary Judgment record:

> Courts in the Fifth Circuit have found that a court need not consider new arguments raised for the first time in a summary judgment reply brief. *See Doe ex rel. Doe v. Beaumont Independent School District,* 173 F.3d 274, 299 n. 13 (5th Cir.1999) (citing cases). However, a court may consider new evidence introduced in a reply brief if the non-movant is given an adequate opportunity to respond. *See Vais Arms, Inc. v. Vais,* 383 F.3d 287, 292 (5th Cir.2004). In exercising discretion to consider new evidence, the circumstances of the case, such as its timing and the existing litigation posture, may be a factor. *See In re e2 Communications, Inc.,* 320 B.R. 849, 860 n. 11 (Bankr.N.D.Tex., 2004) (failing to consider new evidence submitted with reply brief, where brief was submitted two days before summary judgment hearing, and Trustee filed a motion to strike the reply).

Elwakin v. Target Media Partners Operating Co. LLC, 901 F. Supp. 2d 730, 745–46 (E.D. La. 2012) (striking the new evidence filed one day after the summary judgment motion had been noticed for submission).

> Generally, arguments raised for the first time in a reply brief are not considered by the Court. *Brazos Valley Coalition of Life, Inc. v. City of Bryan*, 421 F.3d 314, 321, n.7 (5th Cir. 2005) *citing Price v. Roark*, 256 F.3d 364, 369 n.2 (5th Cir. 2001). Arguments presented for the first time in a reply brief can only be grounds for summary judgment if "the court gives the nonmovant an adequate opportunity to respond." *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). The non-movant lacks adequate opportunity to respond to an argument when it is not given notice that summary judgment may be granted upon that issue. *See John Deere Co. v. American National Bank*, 809 F.2d 1190, 1191 (5th Cir. 1987).

Bright Sols., Inc. v. Tire Seal, Inc., No. 5:06-CV-247-DF, 2008 WL 11348025, at *2 (E.D. Tex. July 17, 2008)

In its Supplemental Reply, Defendant submit new arguments and evidence in support of its motion for summary judgment. Specifically, Defendant submits for the first time recordings and arguments regarding whether Iassac Barnes was a "called party." In doing so, Defendant now argues that statements made by Plaintiff in recordings previously not part of the summary

judgement record have probative value as to whether Iassac Barnes was a customary user of the telephone number at issue. Plaintiff is prejudiced by these recordings being submitted into the record at oral argument on summary judgment because she was denied the opportunity to brief the impact and relevance of these recordings to the issues raised. Accordingly, Plaintiff respectfully requests the Court strike such recordings from the Record or grant leave to file a brief sur-reply

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court grant her Motion to Strike or for Leave to File a Sur-reply in Response to Defendant's Supplemental Reply in Support of Summary Judgment and allow a five page memorandum supporting such to be filed on or before October 24, 2017.

Respectfully submitted, this the 20th day of October, 2017.

**LAWANDA BARNES**
By:/s/ Jared M. Lee
(admitted *pro hac vice*)

OF COUNSEL:

Jared Lee
Morgan & Morgan
20 N. Orange Ave., Suite 1600
Orlando, FL 32801
JLee@forthepeople.com

Christopher Neyland
Morgan & Morgan
4450 Old Canton Road, Suite 200
Jackson, MS 39211
CNeyland@forthepeople.com

**Certificate of Service:**

   I hereby certify on October 20, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and a Notice of this filing will be sent to the following by operation of the Court's Electronic Filing System:

James L. Banks, Esquire
Mandie Robinson, Esquire,
Edwin S. Gault , Jr, Esquire, and
Forman Watkins & Krutz LLP
200 South Lamar Street, Ste. 100
Jackson, MS 39201
Tel: 601.960.8600
Fax: 601.960.8613
Email: Jake.Banks@formanwatkins.com
   Mandie.Robinson@formanwatkins.com
   Win.Gault@formanwatkins.com

               */s/ Jared M. Lee*
               Jared M. Lee, Esquire