# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**LAWANDA BARNES**                                                              **PLAINTIFF**

**VS.**                                                        **CAUSE NO. 3:16-cv-413 HTW-LRA**

**CONN APPLIANCES, INC.**                                                       **DEFENDANT**

## ORDER ON MOTION FOR SUMMARY JUDGMENT

BEFORE THIS COURT is the Defendant, Conn Appliances, Inc.'s (hereinafter referred to as "Conn") Motion for Summary Judgment filed on April 28, 2017. **[Docket no. 69]**. By its motion, Conn asks this court to grant it summary judgment under Rule 56[1] of the Federal Rules of Civil

---

[1] (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.
(c) Procedures.
    (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
        (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
        (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
    (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
    (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
    (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.
(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    (1) defer considering the motion or deny it;
    (2) allow time to obtain affidavits or declarations or to take discovery; or
    (3) issue any other appropriate order.
(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to

Procedure. Plaintiff herein alleges in her complaint that Conn is liable to her in damages because Conn, over her objection, utilized an Automatic Telephone Dialing System which repeatedly called plaintiff over six-hundred (600) times seeking to persuade plaintiffs to satisfy a retail debt. The Telephone Consumer Protection Act[2] (hereinafter referred to as "TCPA") protects an objecting consumer from telephonic communications from creditors made by use of an Automatic Telephone Dialing System. The Act, however, says Conn, is inapplicable here because plaintiff waived the protection of the TCPA under the terms of the retail contract at issue. *See In re Rules and Regulations Implementing the TCPA of 1991*, Declaratory Ruling and Order, 30 F.C.C. Rcd.

---

properly address another party's assertion of fact as required by Rule 56(c), the court may:
    (1) give an opportunity to properly support or address the fact;
    (2) consider the fact undisputed for purposes of the motion;
    (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
    (4) issue any other appropriate order.
(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:
    (1) grant summary judgment for a nonmovant;
    (2) grant the motion on grounds not raised by a party; or
    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.
(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.
Fed. R. Civ. P. 56

[2] In the relevant sections of the TCPA, the statute states:
It shall be unlawful for any person within the United States, . . . –
    (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
    […]
        (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States

7961, 8002 (¶ 76) (Jul. 10, 2015); *Skinner v. Bluestem Brands, Inc.*, No. 3:14–CV–256–CWR–FKB, 2015 WL 4135269, at *2 (S.D.Miss. July 8, 2015).

The Plaintiff, Lawanda Barnes (hereinafter referred to as "Barnes"), contrariwise says that her son, Iassac Barnes (hereinafter referred to as "Iassac"), is the "consumer" here, not her, because he signed the contract with Conn and possibly provided her phone number to Conn, but definitely without her permission. Since she did not sign the contract, says Barnes, she could not have given consent under that contract for Conn harassingly to contact her in violation of the TCPA. Moreover, adds Barnes, she emphatically objected to the plethora of calls and even warned Conn that she was contemplating a lawsuit against Conn.

As above mentioned, the juridical focus of this lawsuit falls upon the TCPA, a federal enactment. As such is the case, this court has subject matter jurisdiction under Title 28 U.S.C. § 1331[3], federal question jurisdiction. *See Mims v. Arrow Financial Svcs., LLC*, 565 U.S. 368 (2012)[4].

Also above mentioned is the enabling procedural engine which drives this court's present inquiry – a motion for summary judgment. This motion has its foundation in Rule 56 F. R. Civ. P. The jurisprudence created by this rule is uncomplicated. Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the initial burden of showing

---

[3] The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
28 U.S.C.A. § 1331 (West)

[4] "Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331. In the absence of direction from Congress stronger than any Arrow has advanced, we apply the familiar default rule: Federal courts have § 1331 jurisdiction over claims that arise under federal law. Because federal law gives rise to the claim for relief Mims has stated and specifies the substantive rules of decision, the Eleventh Circuit erred in dismissing Mims's case for lack of subject-matter jurisdiction."
*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 386–87, 132 S. Ct. 740, 753, 181 L. Ed. 2d 881 (2012)

that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When determining whether summary judgment is appropriate, this court must examine "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine indeed whether genuine disputes exist as to any material facts and whether the moving party is entitled to a judgment as a matter of law. *McDonald v. Entergy Operations Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (*quoting* Fed. R. Civ. P. 56(c)).

The court must view the facts, evidence and all inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). "Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence . . . since it is the province of the jury to assess the probative value of the evidence.'" *McDonald*, 2005 WL 2474701, at *3 (*quoting Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

"A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers*, 755 F.3d at 350 (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Summary judgment is also improper where the court merely believes it unlikely that the non-moving party will prevail at trial." *McDonald*, 2005 WL 2474701, at *3 (*citing National Screen Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962)). "[C]onclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a

genuine issue for trial." Id. (*citing TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir.2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1997).

This court now turns to an examination of the law. The TCPA occupies a special place in protecting consumers from harassment on the telephone from overzealous merchants. Now, let's review the factual offerings of the parties. The cast of characters here are primarily Barnes; her son Iassac; and Mitchell DeAngelo, a Conn employee. Barnes and Iassac admit that Barnes was present when Barnes went to the Conn store and picked a bedroom suite for purchase, signed the credit application and contract that are at the core of the controversy here. Barnes did not sign any documents, nor promise to make any payments to Conn at that time. Conn provided the bedroom suite for Iassac. He failed to make any payments. After some months, utilizing a telephone number for Iassac, Conn began calling that certain phone number as the point of contact listed on the contract and credit application. The parties dispute how Conn obtained the number and who placed that number on the contract and credit application. Barnes answered the phone. She said the telephone number was hers, not Iassac's. If the conversation had stopped there, this lawsuit would not have developed; instead, Conn again called, searching for Iassac. Barnes later made some ambiguous statements. Several times she stated that they knew they (she and Iassac) owed the money and that they would pay as soon as possible. Barnes even attempted unsuccessfully to make payments a few times, but was unable to complete the endeavor because her credit card company refused the charges. Even so, she told Conn that "they" wanted the bedroom suite and would not return the bedroom suite to Conn. Finally, aggrieved, Barnes told Conn not to call her telephone number anymore.

Conn admits to calling Barnes' telephone number over six-hundred (600) times, with the majority of the telephone calls having been placed after Barnes claims she told Conn to stop calling her.

This court held two (2) hearings on Conn's Motion for Summary Judgment **[Docket no. 69]**: one on October 18, 2017; and one on October 31, 2017. During the second hearing, this court ordered the parties to submit supplemental briefs on the issue of whether Barnes had ratified Iassac's contract. That contract waived the protection of the TCPA. The provision in question recites as follows:

> Consent to telephone/text message/email contact: For each telephone number you provide to Seller (either directly or by placing a call directly to us), you consent and authorize us to place telephone call to you at that number, such consent expressly includes authorization for Seller (and/or Seller's affiliates and/or agents) to send text messages and/or place telephone calls to cellular or landline telephone numbers using pre-recorded or artificial voice messages, as well as calls made by an automatic dialing system. Similarly, for each email address you provide to Seller, you authorize Seller to send emails to you at that address regarding your account.

[Docket no. 69-1, P. 2]. The parties submitted their supplements during November 2017. *See* [Docket nos. 86, 87, and 88].

Contract ratification falls under Mississippi's well-established jurisprudence:

> Contract ratification has the following elements for proof: Ratification does not arise by operation of law; rather, "[a] person ratifies an act by (a) manifesting assent that the act shall affect that person's legal relations, or (b) conduct that justifies a reasonable assumption that the person so consents."

*Northlake Dev. L.L.C. v. BankPlus*, 60 So. 3d 792, 797 (Miss. 2011). Accordingly, a jury must determine, inter alia, whether: Barnes manifested assent to Conn's continued contacts; and/or whether Barnes had conducted herself in such a way that Conn could reasonably rely on the assumption that she consented to the terms of the contract at issue.

6

After reviewing the submissions of the parties, the arguments of counsel, and the relevant jurisprudence, this court is persuaded that a genuine issue of material fact exists whether Barnes ratified Iassac's contract with Conn. Accordingly, a finder of fact must determine this issue and summary judgment is not appropriate here.

It is, therefore, ORDERED AND ADJUDGED that Conn's Motion for Summary Judgment **[Docket no. 69]** is hereby DENIED.

**SO ORDERED AND ADJUDGED**, this the 15th day of February, 2018.

s/ HENRY T. WINGATE_____
**UNITED STATES DISTRICT COURT JUDGE**