**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**LAWANDA BARNES**                                                                **PLAINTIFF**

vs.                                                              **CIVIL ACTION No. 3:16-cv-413-HTW-LRA**

**CONN APPLIANCES, INC.**                                             **DEFENDANT**

## ORDER

BEFORE THIS COURT are the following motions: defendant's Motion in Limine **[Docket no. 78]**; defendant's Motion to Continue **[Docket no. 80]**; defendant's Motion for Extension of Time to File Motion **[Docket no. 81]**; and plaintiff's Motion to Strike [83] Response in Support of Motion and/or Motion for Leave to File *Sur-Reply* **[Docket no. 84]**. This court has reviewed all the filings of the parties and is persuaded to rule as follows.

**I.**      **MOTION IN LIMINE [Docket no. 78]**

This lawsuit had been set for a jury trial to start on November 6, 2017. [Docket no. 79]. Defendant filed its Motion in Limine **[Docket no. 78]** on October 3, 2017, asking this court to exclude the introduction of several categories of evidence from consideration by the jury: namely, defendant's policies and procedures, including those related to the handling of cease and desist requests; defendant's automated dial announcing device (hereinafter referred to as "ADAD") registration; other litigation or claims against defendant; findings from other cases regarding whether software manufactured by Noble Systems, Inc. is an automatic telephone dialing system (hereinafter referred to as "ATDS"); defendant's business dealings with individuals other than plaintiff and her son, Iassac Barnes; plaintiff's emotional reaction to calls; comments that defendant is subject to strict liability; arguments or statements that defendant used

1

an "autodialer" or placed "robocalls;" and evidence of defendant's financial condition. Defendant relies on Rules 401, 402, and 403 of the Federal Rules of Evidence for support.

Defendant thus recognizes that when analyzing evidence under the Federal Rules of Evidence on relevance, this court must observe some basic inquiries: whether the evidence

> (a) […] has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) [whether that] fact is of consequence in determining the action

Fed. R. Evid. 401.

> Further, relevant evidence is admissible unless any of the following provides otherwise:
> • the United States Constitution;
> • a federal statute;
> • these rules; or
> • other rules prescribed by the Supreme Court.
> Irrelevant evidence is not admissible

Fed. R. Evid. 402.

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

Before utilizing these "relevancy" guideposts, this court needs to place the background facts of this dispute in perspective. Plaintiff herein alleges that defendant violated the Telephone Consumer Protection Act, codified at Title 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"). Plaintiff here is Lawanda Barnes (hereinafter referred to as "Barnes"). Her son is Isaac Barnes (hereinafter referred to as "Isaac", so as not to confuse his identity with that of his mother). Supposedly, on August 9, 2014, the pair went to the Conn Appliance Store (hereinafter referred to as "Conn"), the defendant herein, located in Ridgeland, Mississippi. Barnes and Issac live in the same house.

While in the defendant's store, Isaac applied for credit to purchase a bedroom suite. A credit application was provided. Someone put Barnes' cellular telephone number on that credit application, as Isaac's point of contact. The parties herein sharply dispute who actually wrote that information on the application. Barnes never signed the credit application, which contained the following waiver under the TCPA:

> For each telephone number you provide to seller (either directly or by placing a call directly to us), you consent and authorize us to place telephone calls to you at that number. Such consent expressly includes authorization for seller (and/or seller's affiliates and/or agents) to send text messages and/or place telephone calls to cellular or landline telephone numbers using pre-recorded or artificial voice messages, as well as calls made by an automatic dialing system.

[Docket no. 69-1].

Conn approved Isaac's credit application and, subsequently, delivered the bedroom suite to him.

Isaac never made any payments on the credit account. An aggrieved Conn thereafter began placing telephone calls to Barnes' cellular telephone. Barnes answered the phone calls on multiple occasions. During the course of those telephone calls, Barnes informed Conn that the phone number was hers and not Issac's. She also attempted on multiple occasions to make payment arrangements on the account along with attempting to make payments over the phone. After some months, Barnes alleges that she told Conn not to call her telephone number anymore.

Conn persisted. Conn admits to calling Barnes' cellular telephone over six hundred (600) times, a number of times after Barnes ordered Conn to stop calling. Isaac's bill of $4,138.56 owed to Conn is still outstanding. Barnes, however, by virtue of this lawsuit, contends that Conn

3

is liable to her for an unspecified amount; however, she claims she can at least recover $500 per phone call – an amount that presumably would be approximately $300,000.[1]

### a. Cease and Desist Requests Procedures and Policy

Defendant asks this court to exclude its policies and procedures, specifically those related to cease and desist requests. The targeted policies and procedures speak to how Conn's employees should handle cease and desist requests from its customers, namely what to do when customers tell Conn employees not to call anymore.

Defendant trumpets two reasons why these matters should be excluded: (1) they are irrelevant; and (2) their production would occasion a danger of unfair prejudice and confusion of the issues. The defendant adds that should this court admit these policies and procedures, the court should limit the introduction of such to those policies and procedures that were in effect between August 9, 2014, and April 27, 2016.

Plaintiff says, on the other hand, that defendant's policies and procedures are relevant. They are relevant, explains plaintiff, as to defendant's conduct in general, whether that conduct was prudent and lawful and, in addition, whether defendant acted knowingly, willfully, or negligently – a determination that could subject defendant to treble damages under the statute[2].

---

[1] Plaintiff also seeks an imposition of the statutory treble damages award of $1,500 per phone call for knowing and willful violations of the TCPA.

[2] (3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

    (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

    (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

    (C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph

47 U.S.C.A. § 227 (West)

This court is persuaded that Conn's policies and procedures that were in effect during the time frame encompassed by this lawsuit are relevant and not unduly prejudicial. Accordingly, this court DENIES defendant's motion in limine on this ground, but limits plaintiff's presentation to the jury to defendant's policies and procedures that were in effect during the time-frame here contemplated – August 9, 2014 through April 27, 2016.

### b. Automated Dial Announcing Device Registration

Defendant asks this court to exclude its registration and permits of its automated dial announcing device (hereinafter referred to as "ADAD") under Texas law. This effort would be irrelevant and unfairly prejudicial, says defendant. According to defendant, registration as an ADAD under Texas law is irrelevant because an ADAD cannot be utilized as an automatic telephone dialing system (hereinafter referred to as "ATDS"). Further, says defendant, the Texas Public Utility Commission enacted its ADAD regulations for different reasons than Congress enacted the TCPA. The Texas regulation[3] governing ADADs, by Texas law, may not be used to dial phone numbers, whereas the TCPA[4] requires a computer or other device to dial a phone number. Defendant concludes that even if its registration of its equipment under Texas law as an ADAD is relevant, the danger of confusing the issues or prejudicing the jury substantially outweigh any potential relevancy.

---

[3] (9) Automatic dial announcing device (ADAD)--Any automated equipment used for telephone solicitation or collection that:
    (A) is capable of storing numbers to be called, or has a random or sequential number generator capable of producing numbers to be called; and
    (B) alone or in conjunction with other equipment, can convey a prerecorded or synthesized voice message to the number called without the use of a live operator.
16 Tex. Admin. Code § 26.5

[4] (1) The term "automatic telephone dialing system" means equipment which has the capacity--
    (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
    (B) to dial such numbers.
47 U.S.C.A. § 227(a) (West)

Plaintiff takes issue with all of defendant's statements. Plaintiff further says that Texas' regulation governing ADADs is more restrictive than that of the TCPA and, thusly, a piece of equipment that is regulated as an ADAD necessarily falls within the definition of an ATDS under the TCPA.

This court needs more refined argument on this matter. The parties must be ready to continue the debate at the pre-trial conference. Meanwhile, this court will DENY defendant's motion in limine, while holding the issue in abeyance until the court makes a final ruling.

     *c. Other Litigation or Claims*

Defendant asks this court to exclude evidence of all other litigation or claims – without identifying any specific litigation or claims – because, according to defendant, said litigation and claims are irrelevant and unfairly prejudicial.

Plaintiff responds that such evidence is probative because the TCPA expressly provides for increased damages if the finder of fact finds that defendant acted "willfully or knowingly".

This court agrees that evidence of prior litigation or claims may be relevant to the issue whether defendant acted willfully or knowingly. This court, however, is not persuaded that any unresolved litigation or claims would be probative. Accordingly, this court will DENY defendant's motion WITHOUT PREJUDICE and direct the plaintiff to lay a foundation before this court will allow prior litigation or claims to be presented to the jury.

     *d. Automatic Telephone Dialing System Findings*

Defendant asks this court to exclude evidence of any other court's finding that the software at issue in this lawsuit[5], used by entities other than defendant, is an ATDS because such judicial determinations are irrelevant and unfairly prejudicial. According to defendant, the

---

[5] The software package at issue in this lawsuit is the Noble System. The software must be utilized in conjunction with other equipment to be useful.

configuration of said software with any applicable equipment may be different, and as such, would not necessarily be determinative in this lawsuit *sub judice*.

Plaintiff responds that the software is the exact same system determined by other courts to be ATDS systems and, thus, are probative whether defendant willingly or knowingly violated the TCPA. Further, says plaintiff, the Federal Communications Commission (hereinafter referred to as "FCC") has stated that the capacity to be used as an ATDS is the question, not whether it is currently being employed as such. Thus, according to plaintiff, the FCC found that where a system has the capacity to be utilized as an ATDS, it is governed by the TCPA.

This court is persuaded that a determination by another court, that the Noble System software, is subject to the TCPA and that such determination has vitality here, requires more information than the court now has for this court to decide the admissibility of such. Accordingly, this court will DENY WITHOUT PREJUDICE defendant's motion in limine on this ground. Defendant may raise the issue again at the pretrial conference.

   e. *Business Dealings With Customers Not a Party to This Lawsuit*

Defendant asks this court to exclude all evidence of defendant's business dealings with its customers who are not parties to this lawsuit. Defendant relies upon three reasons: the alleged business dealings are irrelevant; they are inadmissible character evidence; and they are unfairly prejudicial. Plaintiff did not respond to defendant's arguments; thus, this court finds that plaintiff has conceded this point.

Accordingly, this court will GRANT defendant's motion in limine as it pertains to this class of evidence.

### f. Plaintiff's Emotional Reaction to Calls

Defendant asks this court to exclude all testimony about plaintiff's alleged emotional or subjective reactions and beliefs about the subject telephone calls because such is irrelevant. According to defendant, plaintiff's testimony about annoyance, aggravation, or associate emotional reaction to purported telephone calls between plaintiff and defendant are all irrelevant here because plaintiff is seeking statutory damages, which do not encompass plaintiff's emotional state or reactions.

Plaintiff, contrariwise, says that the TCPA allows for damages for emotional distress. Plaintiff cites two Eleventh Circuit cases to support her position. *Wood v. GC Services, LP*, 2012 WL 995207 (M.D. Fla. Mar. 23, 2012); and *Akouri v. State of Florida Dept. of Transp*, 408 F.3d 1338, 1345 (11th Cir. 2005)). *Wood* does not support plaintiff's position because, in that case, the court allowed emotional distress damages based on a violation of the Fair Debt Collections Practices Act not the TCPA. Similarly, *Akouri* does not support plaintiff's position as the basis of that lawsuit was a Title VII employment violation based on a constitutional violation, not the TCPA. In either event, in both *Wood* and *Akouri*, the plaintiffs sought a separate count for emotional distress. This court cannot find binding Fifth Circuit precedent mandating that this court allow damages for emotional distress.

This court is not persuaded by plaintiff's argument. Plaintiff has sought, in her complaint "statutory damages, punitive damages, [and] actual damages…". Plaintiff has not submitted a separate count for emotional distress. As stated above, plaintiff has sought the statutory treble damages for knowing and willful violations of the statute, but that is different than the common law infliction of emotional distress cause of action which might permit the introduction of

plaintiffs emotional reaction to the telephone calls. Accordingly, this court will GRANT defendant's motion in limine on this ground.

      g. *Strict Liability*

Defendant asks this court to exclude any evidence or argument that the TCPA is a strict liability statute. Defendant says that to allow such would be to misstate the burden of proof as required by the TCPA. Defendant argues that it is plaintiff's burden to show that defendant used an ATDA without prior express consent. Defendant cites no case authority for the proposition that the TCPA is not a strict liability statute.

Plaintiff responds that the TCPA does not require any intent for liability, except when awarding treble damages – plaintiff cites *Alea London, Ltd. V. Am. Home Servs., Inc.,* 638 F.3d 768, 776 (11th Cir. 2011) for this proposition. *See also Arrendondo v. Flexi Corp.*, 2017 WL 7796192 (S.D. Tex. Aug. 18, 2017)(finding that the TCPA is a strict liability statute). "To establish a claim under the TCPA, Plaintiff must prove: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Steinhoff v. Star Tribune Media Co., LLC*, No. 13-CV-1750 SRN/JSM, 2014 WL 1207804, at *2 (D. Minn. Mar. 24, 2014) (Citing *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir.2012)).

This court is not persuaded by defendant's urging that this court apply a burden of proof other than strict liability in this matter, with the exception of the statutory treble damages plaintiff seeks. This court will apply a willful or knowing scienter to the statutory treble damages that plaintiff seeks in accordance with the mandates of the TCPA. Accordingly, this court will DENY defendant's motion in limine on this ground.

### h. "Autodialer" or "Robo-Call" References

Defendant asks this court to exclude any statement or argument that defendant used an "autodialer" or that defendant placed "robo-calls" because the terms are irrelevant and are unfairly prejudicial. According to defendant, these terms are distinguishable from that which the TCPA forbids – the usage of an ATDS.

Plaintiff responds that the terms "autodialer" and "robo-caller" are mere vernacularly used to describe the exact equipment that the TCPA prohibits.

This court finds that the terms could be unfairly prejudicial and that the term automatic telephone dialing system appropriately describes the equipment that defendant allegedly used. The usage of autodialer and robo-caller carry significant negative connotations and the statutorily defined term is more appropriately used. Accordingly, this court will GRANT defendant's motion in limine on this ground.

### i. Defendant's Financial Status

Defendant finally asks this court to exclude evidence of its financial status because its financial status is irrelevant.

Plaintiff concedes that it does not intend to introduce evidence of defendant's financial status at trial. Plaintiff says she intends to reserve the right to "address specific evidentiary submissions should an objection be submitted on this ground based on some incidental or tangential reference to finances. [Docket no. 82, P. 10].

This court is persuaded that the defendant's motion in limine on this ground is well-taken and will GRANT it. If, during the course of the jury trial of this matter, an issue arises where one of the parties raises this issue again, the court will address the issue as it pertains specifically to that evidence.

## II.     MOTION TO CONTINUE [Docket no. 80]

By its motion to continue, defendant asks this court to continue the jury trial setting on November 6, 2017. This court already has granted this motion at the pretrial conference held on October 17, 2017. Accordingly, this court again GRANTS said motion.

## III.    MOTION FOR EXTENSION OF TIME TO FILE MOTION [Docket no. 81]

Defendant, by its motion, seeks this court's leave to file a Motion to Exclude the Testimony of Jeffery Hansen out of time. On January 31, 2017, United States Magistrate Judge Linda R. Anderson entered an order extending the deadlines in this matter, including setting the deadline for pretrial *Daubert* motions as April 28, 2017. [Docket no. 38]. Defendant's late request is due to the actions of two (2) United States District Courts disallowing Hansen to testify as an expert. *See Dominguez v. Yahoo!, Inc.*, 2017 WL 390267, *20 (E.D. Pa. January 27, 2017)("Because Plaintiff's experts' methodologies are not testable and not falsifiable[6], this Court holds that the proffered expert opinions are not reliable, and are therefore not admissible."); *See also Mouhamed v. American Motor Company, LLC*, 2017 WL 4310757 *4 (S.D. Fla. Sept. 28, 2017)(" Allowing Mr. Hansen's expert report or testimony before the jury would be contrary to the standards of reliability required under the Federal Rules of Evidence and the *Daubert* standard."). Defendant has attached as an exhibit to its motion its proposed motion to exclude the testimony of Jeffrey Hansen, exhibits and memorandum brief.

Plaintiff has not responded to defendant's motion.

---

[6] Definition of falsify (falsified; falsifying) - transitive verb
        1 : to prove or declare false : disprove
        2 : to make false: such as
                a : to make false by mutilation or addition the accounts were falsified to conceal a theft
                b : to represent falsely : misrepresent
        3 : to prove unsound by experience
        intransitive verb
                : to tell lies : lie
— falsifiable \ˌfȯl-sə-ˈfī-ə-bəl\ adjective
www.merriam-webster.com/dictionary/falsifiable

This court will, therefore, GRANT defendant's Motion For Extension of Time to File Motion **[Docket No. 81]**.

### IV.    MOTION TO STRIKE OR FILE *SUR-REPLY* [Docket no. 84]

Plaintiff, by her motion, asks this court either to strike several additional recordings, not originally part of the summary judgment record as encapsulated in defendant's Response in Support of Motion for Summary Judgment [Docket no. 83]. Alternatively, plaintiff asks for the opportunity to file a sur-reply to defendant's Response in Support of Motion for Summary Judgment [Docket no. 83].

This court entered its order on February 15, 2018, denying defendant's Motion for Summary Judgment without relying on defendant's Response in Support of Motion for Summary Judgment. [Docket no. 89]. This court, therefore, finds plaintiff's motion MOOT and will DENY it as such.

### V.    CONCLUSION

IT IS, THEREFORE, ORDERED that defendant's Motion in Limine **[Docket no. 78]** is hereby **GRANTED IN PART** and **DENIED IN PART** as enumerated in this memorandum opinion.

IT IS FURTHER ORDERED that defendant's Motion to Continue Trial Setting **[Docket no. 80]** already has been **GRANTED**.

IT IS FURTHER ORDERED that defendant's Motion for Extension of Time to File Motion **[Docket no. 81]** is hereby **GRANTED** and defendant may file its proposed motion, exhibits, and memorandum brief within five (5) days of the entry of this order.

IT IS FINALLY ORDERED that plaintiff's Motion to Strike [83] Response in Support of Motion and/or Motion for Leave to File *Sur-Reply* **[Docket no. 84]** is **MOOT** and **DENIED AS SUCH**.

**SO ORDERED this the 28th day of August, 2018.**

<u>**s/ HENRY T. WINGATE**</u>
**UNITED STATES DISTRICT COURT JUDGE**